**FRIENDS OF THE EARTH et al., Plaintiffs,**

v.

**Malcolm WILSON et al., Defendants.**

**No. 74 Civ. 4500 KTD.**

United States District Court,
S. D. New York.

Dec. 16, 1974.

Natural Resources Defense Council, Inc., by David S. Schoenbrod, David Hawkins, New York City, Berlin, Roisman & Kessler, Washington, D. C., by

Clifton E. Curtis, Anthony Z. Roisman, Washington, D. C., for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., by James P. Corcoran, Asst. Atty. Gen., Adrian P. Burke, Corp. Counsel for the City of New York, by Alexander Gigante, Jr., Asst. Corp. Counsel, New York City, John G. deRoos, Brooklyn, N. Y., for defendants.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This is an action brought to obtain a mandatory injunction requiring the various defendants to comply with an air quality implementation plan. 42 C.F.R. § 52.1683. The plan was submitted to and approved by the Environmental Protection Administration (hereinafter "USEPA") as required by the 1970 Amendments to the Clear Air Act. 42 U.S.C. §§ 1857c–2 and 1857c–5.

The State and City, in their papers, argue that they are in compliance with the plan. Moreover, they urge that I should dismiss the complaint under the doctrine of primary jurisdiction because the defendants are working to revise the highly technical plan to the satisfaction of the USEPA.

■ This Court and this Circuit have recognized two situations in which a preliminary injunction will lie. A preliminary injunction is proper where there exists either (1) the probability of success on the merits and the possibility of irreparable injury or (2) substantially serious questions on the merits making them a fair subject for litigation and a balance of hardships tipping decidedly in favor of the party requesting the preliminary relief. Gresham v. Chambers, 501 F.2d 687 (2d Cir. 1974); Colonial Sand and Stone Co. v. Geoghegan, 367 F. Supp. 932, 936 (S.D.N.Y.1973).

However, inherent in both these standards is the question of the trial court's discretion. See generally Checker Motors Corp. v. Chrysler Corp., 405 F.2d 319 (2d Cir.), cert. denied, 394 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969);

American Metropolitan Enterprises v. Warner Bros. Records, Inc., 389 F.2d 903 (2d Cir. 1968). In this case discretion dictates that the preliminary injunction not issue because there is, on the one hand, a total lack of expertise in the court and, on the other, the existence of a federal agency with such expertise charged with the enforcement of the highly technical and difficult problems involved.

In the case at hand the plaintiffs have a strong position on the first portion of both tests for a preliminary injunction. The State, in its papers, argues that it is in compliance with at least the spirit of the plan. It argues that literal compliance with the plan is unnecessary. The City, somewhat half-heartedly, seems also to contend that it is in substantial compliance with the plan pointing out that the Regional Administrator, Mr. Hansler, withdrew demands for action similar to that sought by plaintiffs here. Mr. Hansler noted that the City and State had made "adequate progress" and agreed to refrain from USEPA enforcement action (42 U.S.C. § 1857c–8) on the plan as long as the City and State moved expeditiously to revise the plan.

In reality, the State and City do not found their opposition to the preliminary injunction on the grounds that they are in compliance with the plan; but rather, at least on the part of the City, they rely on the argument that such an order would not make sense in light of the pending revision of the plan. In fact, the Assistant Attorney General, James P. Corcoran, stated in open court that he had a great deal of difficulty with his clients' arguments. He found that "this plan is a legally enforceable plan, is a legally adequate plan and that the state is committed [obligated] to fulfilling its responsibilities thereunder." He went on to say, however, that the State apparently has no intention of implementing certain strategies of the plan and observed, "If there is a valid legal ground for such a refusal, we have not been able to find it, your honor." Moreover, he rejected the argument of his

client, the State Department of Environmental Conservation, that the proposed revision precluded enforcement of the plan. He said that such a revision was "speculative" at best, especially since then gubernatorial candidate and now governor-elect Hugh L. Carey is opposed to any revision.

Likewise, the City by including in its papers the fact that the Regional Administrator had demanded compliance with the plan, but agreed to refrain from any enforcement action pending an expedited revision, in essence admits that it is not in compliance with the plan. Thus there would seem to be a probability of success at trial or, at least, there exist serious questions going to the merits which are a fair subject for litigation.

However, the second portion of both tests pose more of a problem. The possibility of irreparable harm or the balance of hardships are delicate questions requiring extensive examination. Plaintiffs argue that this second requirement is satisfied by the adverse impact on the health of New Yorkers of the defendants' failure to improve the air quality as required by the plan. This is especially true, they argue, since the strategies which defendants seek to delete in the revision require very little capital expenditure. The City, however, claims that the necessary expense and diversion of manpower during the present hiring freeze would be extremely harmful to the City so that the balance of hardships tips in favor of the City. As to the other standard they argue that there is no showing of irreparable harm since the plaintiffs do not claim that the air quality will be worsened, but only that the improvements will be begun somewhat later. This argument strikes me as specious, however, since the damage to be done is to the lungs of the City's inhabitants, not to the air itself. In the same vein, the City argues that the preliminary relief is improper since it is not sought to preserve the status quo, but rather to achieve final relief before

trial. United States v. Adler's Creamery, 107 F.2d 987 (2d Cir. 1939), cert. denied, 311 U.S. 657, 61 S.Ct. 12, 85 L. Ed. 421 (1940).

From this brief review of the arguments it is clear that there are questions of fact which would ordinarily require a hearing. SEC v. Frank, 388 F.2d 486 (2d Cir. 1968). However, no hearing will be held. The highly technical nature of both the proof and the remedy sought weigh heavily in favor of the Court's exercising its discretion to refrain from issuing a preliminary injunction at this time. As the Court said in Unicon Management Corp. v. Koppers Co., 366 F.2d 199 (2d Cir. 1966):

> "Courts should not, in the exercise of sound discretion grant relief which requires 'continuous judicial supervision' . . ." 366 F.2d at 205 (citation omitted).

This general policy is especially applicable where, as here, the supervision would be of a highly technical nature. Additionally, the federal agency charged with the enforcement of the plan, in a November 7, 1974 letter from the Regional Administrator to the Commissioner of the New York State Department of Environmental Conservation, represented that it will undertake to enforce compliance with the plan if an adequately amended version of the proposed revision is not submitted to the Regional Administrator's office by December 20, 1974. The policy favoring judicial restraint in cases such as this coupled with the probability of enforcement action by the USEPA dictate that the application for a preliminary injunction at this time be denied. Such denial is, however, with leave to renew the application at such time as the position of the USEPA is clarified or by February 25, 1975, at which time it will be appropriate for the plaintiffs to add the USEPA as defendants to oversee the requested enforcement.

So ordered.